IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD EUGENE MOTLEY, | No. C 10-5639 CW (PR) |
| Plaintiff, | ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; TERMINATING ALL PENDING MOTIONS |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. Plaintiff's complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Plaintiff was convicted in 1992 in the Santa Clara County Superior Court. In 2004, the Superior Court, after holding an evidentiary hearing, denied Plaintiff's petition for a writ of habeas corpus that raised claims of ineffective assistance of counsel.

Thereafter, Plaintiff filed a habeas petition in this court challenging the 1992 conviction; the petition was dismissed as untimely. See Motley v. Runnels, No. C 05-3254 MJJ (PR). In 2008, Plaintiff filed another habeas petition in this court challenging alleged errors in the state post-conviction review process with respect to the same conviction. See Motley v. Sullivan, et al., No. C 08-1362 MJJ (PR). The petition was dismissed on the ground that Plaintiff was attempting to file a second or successive petition, but had not obtained from the Ninth Circuit the necessary

authorization to do so. Additionally, Plaintiff was informed that his claims of error in the state post-conviction review process are not cognizable in federal habeas corpus. See id. Docket no. 7.

Plaintiff now has filed a civil rights complaint under 42 U.S.C. § 1983 in which he states he is raising the same claims of error in the state post-conviction review process that he raised in the above prior federal habeas petition, because he believes his only available remedy is injunctive relief under § 1983. Specifically, Plaintiff asks this Court to compel the state courts to review and rule on certain claims that Plaintiff alleged he raised but were not addressed on state habeas corpus.

## DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff seeks injunctive relief to compel the state courts to act on his habeas claims. This Court has no authority to take the action requested by Plaintiff. The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a

duty owed to the plaintiff." 28 U.S.C. § 1361. Federal courts, however, are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties. Accordingly, a petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.), cert. denied, 111 S. Ct. 1082 (1991); see also In re Campbell, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus to order state trial court to provide plaintiff access to trial transcripts sought in preparation for filing state post-conviction petition).

## CONCLUSION

For the reasons set forth above, this action is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

Leave to proceed in forma pauperis is GRANTED. (Docket no. 2). The total filing fee due is $350.00. The initial partial filing fee due for Plaintiff at this time is $3.00. A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office and the Court's Financial Office.

All pending motions are TERMINATED. The Court certifies that any appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The Clerk of the Court shall enter judgment in accordance with this Order and close the file.

This Order terminates Docket nos. 2 and 4.

IT IS SO ORDERED.

DATED: 8/10/11

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

    The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

    Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:  Plaintiff/Petitioner
     Finance Office

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

EDWARD EUGENE MOTLEY,

    Plaintiff,

v.

STATE OF CALIFORNIA et al,

    Defendant.

Case Number: CV10-05639 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 10, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Edward Eugene Motley H56441
Salinas Valley State Prison
P.O. Box 1050
B5-225
Soledad, CA 93960

Prison Trust Account Office
Salinas Valley State Prison
P.O. Box 1050
B5-225
Soledad, CA 93960

U.S. District Court
Financial Office
San Francisco, CA
(sent via inter-office mail)

Dated: August 10, 2011

                Richard W. Wieking, Clerk
                By: Nikki Riley, Deputy Clerk